UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONTE J. BUTCHER, | ) | CASE NO.  4:20-cv-01465 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| WARDEN MICHAEL PHILLIPS, | ) | **ORDER ACCEPTING REPORT** |
| | ) | **AND RECOMENDATION** |
| Respondent. | ) | |
| | ) | |

Before this Court is Magistrate Judge Greenberg's Report and Recommendation ("R&R") (Doc. No. 11), which recommends that the Court deny Petitioner Donte Butcher's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and dismiss the claims therein.  Petitioner filed timely objections to the R&R.  (Doc. No. 12.)  For the following reasons, the R&R is ACCEPTED, and the Petition for Writ of Habeas Corpus is DENIED.

I. **Background**

In July 2015, Dalton Lewis, a heroin addict, was being held in Portage County Jail.  *State v. Butcher*, 2018-Ohio-4943, 2018 WL 6483403, at *1 (Ohio Ct. App. 2018).  During a previous stay in the jail, Lewis became acquainted with another heroin addict named Jason Beck.  *Id.* Beck was released from the jail in June 2015.  *Id.*

On July 5, 2015, Lewis was temporarily released from custody to live with his parents to obtain medical treatment.  *Id.*  Within one day of release, however, Lewis contacted Beck for assistance purchasing heroin.  *Id.*  Lewis offered Beck a portion of the heroin.  *Id.*

Beck accepted Lewis' offer.  *Id.*  He called a man named Byron, and Lewis and Beck drove to a house.  *Id.*  Beck entered the house without Lewis and spoke to Petitioner.  *Id.*

1

Petitioner demanded Lewis come inside.  *Id.*  Lewis obliged and entered a bathroom with Petitioner and Beck.  *Id.*  There, Petitioner exchanged a package of drugs for money.  *Id.* Petitioner then watched Lewis and Beck inject themselves with the drugs.  *Id.*

On the walk back to the vehicle, Lewis lost consciousness.  *Id.*  Beck drove to a nearby parking lot and performed CPR.  *Id.*  Lewis regained consciousness, and Beck took him back to his parent's house.  *Id.*  Before entering the house, Lewis hid the drugs in the garage.  *Id.*  The next night, Lewis snorted the remainder of the drugs.  *Id.* at *2.  Soon after, Lewis' mother discovered Lewis unconscious in her garage.  *Id.*  Lewis made a full recovery at the hospital.  *Id*.

An investigation into the source of the drugs ensued.  *Id.*  Lewis' mother gave detectives the straw Lewis used to snort the substance.  *Id.*  Tests on this straw revealed traces of fentanyl but not heroin.  *Id.*  Lewis initially informed detectives that he bought the drugs from a man named Byron with Beck's assistance.  *Id.*  During questioning, Beck told detectives that Petitioner sold Lewis the drugs.  *Id.*  When presented with a photo lineup, Beck and Lewis identified Petitioner as the dealer.  *Id.*

On August 10, 2015, the Portage County Grand Jury indicted Petitioner on five charges: two counts of corrupting another with drugs under Ohio Rev. Code § 2925.02(A)(1); two counts of aggravated drug trafficking under Ohio Rev. Code § 2925.03(A); and one count of corrupting another with drugs under Ohio Rev. Code § 2925.02(A)(3).  *Id.*  He pleaded not guilty on all charges.  *Id.*

Petitioner's trial was scheduled to begin in March 2016, but Petitioner did not appear.  *Id.* The grand jury returned a supplemental indictment, charging him with failure to appear and intimidation of a crime victim or witness.  *Id.*  He pleaded not guilty to these charges.  *Id.*

After a mistrial the month earlier, in August 2016, Petitioner was found guilty of one count of corrupting another with drugs under Ohio Rev. Code § 2925.02(A)(1); two counts of aggravated drug trafficking; one count of corrupting another with drugs under Ohio Rev. Code § 2925.02(A)(3); and one count for failure to appear.  *Id.*  The trial court granted his motion for acquittal as it related to the witness intimidation charge.  *Id.*

Petitioner appealed these verdicts.  *Id.*  at *3.  The appellate court affirmed all convictions except for the failure to appear one.  *Id.*  *1-5.  Thereafter, Plaintiff pursued various avenues for relief – all of which were denied.  (*See* Doc. No. 6-1.)

On March 11, 2019, Petitioner applied to reopen his appeal, arguing he had received ineffective assistance of counsel.  (*Id*. at 324.)[1]  On August 4, 2020, the state appellate court denied Petitioner's application to reopen his appeal because he failed to establish that his counsel's representation fell below the standard of reasonableness or that there was a reasonable probability that Petitioner would have been successful if the omitted claims had been raised.  (*Id.* at 344-49.)  The appellate court later denied Petitioner's motion for reconsideration of that opinion.  (*Id*. at 357.)

On July 2, 2020, Petitioner filed his writ of habeas corpus.  (Doc. No. 1.)  Petitioner asserted the following grounds for relief:

**GROUND ONE**: Sufficiency of the Evidence

> **Supporting Facts**: A different individual was the owner of the house where the drugs were bought, and that individual was originally named and identified by photo as the individual who sold the drugs.  The drugs were never tested to determine their composition.  The victim was not diagnosed with fentanyl overdose, and there was no direct evidence of one.  There were significant chain of custody issues with a straw purportedly located by the victim's mother.  The victim admitted he was not forced, threatened, or

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

intimidated into using drugs for the first overdose.  There was no evidence of purpose to cause serious physical harm or drug dependency regarding the second alleged overdose.

**GROUND TWO**: Suppression of Photo Lineup

**Supporting Facts**: Petitioner was the only individual in the photo lineup with a facial tattoo.  Another individual was identified during a separate photo array.  That other individual was also identified by name.  The identification of Petitioner took place several days after the drug sale, during which time the alleged victim had at least two episodes wherein he lost consciousness.  The identification procedure was contrary to Ohio statute.

**GROUND THREE**: Ineffective Assistance of Appellate Counsel

**Supporting Facts**: Appellate Counsel filed deficient briefs at all stages of the direct appeal.  The briefs contain arguments which are wholly inadequate, and are at times incoherent, which deprived Petitioner of due process in State appellate court.  Moreover, Appellate Counsel failed to raise a meritorious argument regarding extraneous, highly prejudicial evidence regarding Petitioner's arrest which was improperly permitted at trial.

**GROUND FOUR**: Cumulative Error

**Supporting Facts**: The combined errors referenced in grounds one through three deprived Petitioner of due process at all stages of the proceedings in State Court, including trial and direct appeal.

(Doc. No. 1 at 5, 7, 8, & 10.)

In his R&R, the Magistrate Judge recommended that the Court deny the petition.  (Doc. No. 11 at 1392.)  The Magistrate Judge found Petitioner's cumulative error claim to be non-cognizable, and his sufficiency of the evidence, suppression of the photo lineup, and ineffective assistance of counsel claims to be without merit.

## II. <u>Law and Analysis</u>

### A.  Legal Standard

When objections are made to a magistrate judge's report and recommendation on a dispositive natter, the district court must conduct a *de novo* review of the portions of the report

4

and recommendation to which a proper objection is made.  28 U.S.C. § 636(b)(1)(C).

Thereafter, the district judge "may accept, reject, or modify the recommended decision; receive

further evidence; or recommit the matter to the magistrate judge with instructions."  Fed. R. Civ.

P. 72(b)(3); *see also* Rule 8(b) of the Rules Governing Section 2254 Cases in the United States

District Courts.

A general objection – that is, "[a]n 'objection' that does nothing more than state a

disagreement with a magistrate's suggested resolution, or simply summarizes what has been

presented before" – is not considered a proper objection for the district court's *de novo* review.

*Woodson v. Ohio*, No. 1:19-cv-0339, 2022 WL 842240, at *1 (N.D. Ohio Mar. 22, 2022)

(quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)); *see also* LR 72.3(b)

(stating that any objecting party shall file "written objections which shall specifically identify the

portions of the proposed findings, recommendations, or report to which objection is made and

the basis for such objections").  A general objection to an R&R has the same effect as a failure to

object in that it waives *de novo* review by the district court and any later appellate review of the

district court's decision.  *Aldrich*, 327 F.Supp.2d at 747-48.

The Court's *de novo* review in this instance is governed by the Antiterrorism and

Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which

provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim—
>
> 1. resulted in a decision that was contrary to, or involved an unreasonable
>    application of, clearly established Federal law, as determined by the
>    Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the State court
proceeding.

28 U.S.C. § 2254(d).  "The writ of habeas corpus is an 'extraordinary remedy' that guards only

against 'extreme malfunctions in the state criminal justice system.'"  *Shinn v. Ramirez*, 142 S. Ct.

1718, 1731 (2022) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)).

### B.  Ground One: Sufficiency of the Evidence

Petitioner raises three objections to the R&R's analysis of Ground One of his habeas

petition.  None are well-taken.

First, Petitioner asserts that the R&R failed to recognize that Ohio requires a dealer to do

more than provide an incorrect product to a buyer to be convicted under Ohio Rev. Code §

2925.02(A)(1).[2]  (Doc. No. 12 at 1396.)  "Rather, Ohio law further requires proof of the requisite

'knowingly' mental state."  (*Id.*)  But the R&R never indicates the corrupting statute lacked a

knowledge requirement.  Instead, it first cites the text of the corrupting statute, which explicitly

contains a knowledge element.  (Doc. No. 11 at 1377 (citing Ohio Rev. Code § 2925.02(A),

which opens with "No person shall knowingly do any of the following").)  The R&R concludes

---

[2]  The relevant part Ohio Rev. Code § 2925.02 provides:

(A) No person shall knowingly do any of the following:

> (1) By force, threat, or deception, administer to another or induce or cause
> another to use a controlled substance;

> (2) By any means, administer or furnish to another or induce or cause
> another to use a controlled substance with purpose to cause serious physical
> harm to the other person, or with purpose to cause the other person to
> become a person with drug dependency;

> (3) By any means, administer or furnish to another or induce or cause
> another to use a controlled substance, and thereby cause serious physical
> harm to the other person, or cause the other person to become a person with
> drug dependency . . . .

6

that Petitioner has not established an adequate basis to overturn a jury's guilty verdict on a statute with an overarching knowledge requirement.  (*Id.* at 1381.)  The Magistrate Judge did not misstate or misapply the law.

Second, Petitioner argues the R&R was unduly deferential to the state court's finding that there was sufficient evidence to find that he knowingly sold fentanyl.  (Doc. No. 12 at 1396.)  As the R&R correctly explains, a habeas court will rarely find a criminal conviction violates the Due Process Clause based on insufficiency of the evidence grounds.  (*See* Doc. No. 11 at 1379-80.) After viewing all evidence in the light most favorable to the prosecution, the habeas court must find that the state appellate court "was unreasonable in *its* conclusion that a rational trier of fact could find [the petitioner] guilty beyond a reasonable doubt based on the evidence at trial." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  In other words, the habeas court must give considerable deference to the jury and the state appellate court reviewing the jury's conviction. *Coleman v. Johnson*, 566 U.S. 650, 651 (2012).

Here, the R&R correctly concludes that Petitioner did not meet his burden of showing the state court unreasonably found that no rational fact finder could find Petitioner "knowingly" sold fentanyl.  As the R&R notes, Petitioner has never contested that, at trial, there was direct evidence that (1) Lewis approached him to buy heroin, (2) he sold Lewis a substance, (3) Lewis was rendered unconscious two times after consuming this substance, and (4) the straw that Lewis used to consume this substance contained fentanyl, not heroin.  *Butcher*, 2018 WL 6483403, at *4.  The state appellate court reasonably concluded that a jury could reasonably use this substantial direct evidence and find that Petitioner knowingly furnished fentanyl to an unsuspecting customer.  *See id.*

7

Third, Petitioner objects to footnote one on page eighteen of the R&R, where the Magistrate Judge notes that Petitioner raised new arguments in his habeas petition.  (Doc. No. 12 at 1395.)  This objection is moot because the R&R nonetheless considered these arguments and found them meritless.  (*See* Doc. No. 11 at 1379-81.)  And, as shown above, this Court has reviewed Petitioner's objections to the R&R's merits analysis and finds that the Magistrate Judge properly found that there was no basis to grant Petitioner habeas relief based on sufficiency of the evidence grounds.  Petitioner's arguments have been considered and rejected.

Petitioner's objections relating to Ground One of his petition are overruled.

### C.  Ground Two: Suppression of Photo Lineup

Petitioner objects to the R&R's agreement with the state court's finding that being the only individual in a photo lineup with a face tattoo did not cause the state's identification procedure to implicate the Due Process Clause.  (Doc. No. 12 at 1396-97.)  Petitioner concedes that the Magistrate Judge concluded that this finding was correct only after adopting the state court's factual finding that his face tattoo resembled "little more than a blemish or marking on [his] face."  (*Id.* at 1396.)

As an initial matter, the R&R correctly adopted the state court's factual determination that his face tattoo was insubstantial.  "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C § 2254(e)(1).  The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  *Id.*  Here, Petitioner does not contend that the Magistrate Judge incorrectly found that he did not meet his burden of establishing, by clear and convincing evidence, that his face tattoo amounted to little more than a blemish or minor marking.  In fact,

the objection admits that neither Lewis nor Beck described Petitioner as having a face tattoo before being shown the photo lineup.  (Doc. No. 12 at 1397.)

After adopting the state court's factual determination, the Magistrate Judge correctly determined that Petitioner did not meet his burden of establishing that the photo lineup offended the Due Process Clause and warranted habeas relief.  For Petitioner to have persuasively objected to this conclusion, he was required to point to clearly established Federal law, as determined by the Supreme Court, showing that this decision was wrong.  His objection on this ground is void of citations to any law – let alone clearly established Supreme Court caselaw. (*See* Doc. No. 12 at 1396-97.)   This failure is explained by cases rejecting claims like Petitioner's.  *Campbell v. Lazaroff*, No. 1:15-cv-01302, 2016 WL 6876299, at *10-11 (N.D. Ohio July 19, 2016) (collecting cases), *report and recommendation adopted,* No. 1:15-cv-1302, 2016 WL 6833744 (N.D. Ohio Nov. 21, 2016).

Petitioner's objection relating to Ground Two of his petition is overruled.

**D.  Ground Three: Ineffective Assistance of Counsel**

Petitioner only objects to the R&R's determination that he received adequate appellate representation on the narrow issue of whether there was sufficient evidence to establish that he knowingly sold fentanyl.  (Doc. No. 12 at 1397-98.)

*Strickland v. Washington*, 466 U.S. 668 (1984) outlines the petitioner's burden to demonstrate that his counsel's performance was so inadequate as to violate the Sixth Amendment.  Under this standard, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.* at 689.  The petitioner must show that "but for counsel's unprofessional errors,

the result of the proceeding would have been different." *Id.* at 694.  Put another way, the petitioner must prove prejudice.  *Id.*

In the habeas context, however, the petitioner must do more than meet the *Strickland* standard.  *Harrington*, 562 U.S. at 105.  28 U.S.C. § 2554(d), the statute governing habeas petitions, demands another layer of deference.  *Id.*  "[T]he question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Id.*  In the appellate context, the Sixth Circuit has clarified that "[m]ere failure to raise a potentially viable claim is not enough" to warrant habeas relief.  *Hand v. Houk*, 871 F.3d 390, 410 (6th Cir. 2017).

Against this backdrop, Petitioner first argues that the R&R wrongly concludes that his counsel proffered arguments about the lack of evidence establishing his knowledge of fentanyl. (Doc. No. 12 at 1397.)  But the record indicates that his appellate counsel made such arguments in her brief.  (Doc. No. 6-1 at 149-50.)  This issue was not wholly ignored during the appeal process.  (*See id.*)  *See Butcher*, 2018 WL 6483403, at *4.

Petitioner also takes issue with the R&R's reliance on the state court opinion denying his ineffective assistance of counsel claim in the first instance.  (Doc. No. 12 at 1397.)  Specifically, Petitioner argues that the state court wrongly concluded that a jury could reasonably infer from the trial evidence that Petitioner knowingly furnished fentanyl.  (*Id.*)  He cites an Ohio Supreme Court case for the proposition that "an inference of fact cannot be predicated upon another inference, but must be predicated upon a fact supported by evidence."  (*Id.* (citing *McDougall v. Glenn Cartage Co.*, 160 N.E.2d 266, 269 (Ohio 1959).).  Under this rule, the state court failed to recognize that it was impermissible for the jury to infer that Petitioner knew about the fentanyl based solely on the inference that the substance consumed by Lewis contained fentanyl.  (*Id.*)  To

Petitioner's mind, the court should have found that his guilty verdict would have been overturned had this issue been addressed on appeal.  (*See id.*)

The Magistrate Judge correctly relied on the state court's interpretation of Ohio law.  The Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).  Thus, the R&R was bound by the state court's determination that Ohio law did not clearly prohibit a jury from inferring that he knowingly sold fentanyl.  (Doc. No. 6-1 at 348.)  Petitioner's citations to cases that allegedly provide otherwise cannot be considered.  His objection is meritless.

Even if this Court were not bound by the state court's determination that Ohio does not have established law on whether it was appropriate for a jury to infer knowledge, Petitioner would not be entitled to habeas relief.  The law Petitioner believes applies here – that a factfinder cannot stack an inference upon another inference – is inapposite.  As the Court has already stated, Petitioner has not contested that there was direct trial evidence that Lewis purchased fentanyl from Petitioner.  *Butcher*, 2018 WL 6483403, at *4.  From this direct evidence, a jury need not stack inferences to find that Petitioner knew he sold fentanyl.  Thus, Petitioner has not shown that his appellate counsel's failure to raise any argument was prejudicial under *Strickland*. 466 U.S. at 694.

 Petitioner's objections relating to Ground Three of his habeas petition are overruled.

### E.  Ground Four: Cumulative Error

For his final objection, Petitioner asks the Court to recognize that cumulative error is a valid basis for habeas relief due to the unique issues presented in his petition.  (Doc. No. 12 at 1398.)  The Sixth Circuit has clearly stated that cumulative error is *not* a basis for habeas relief.

*Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005) ("[W]e have held that, post-AEDPA, not even constitutional errors that would not individually support habeas relief can be cumulated to support habeas relief."). This Court must follow that precedent.  *United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) (noting that unless the United States Supreme Court or the Sixth Circuit sitting *en banc* overrules or modifies Sixth Circuit precedent, courts must follow the precedent); *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001) ("The prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting *en banc* overrules the prior decision.").  His objection has no merit.

### III. <u>Conclusion</u>

Petitioner's objections are hereby overruled.  The R&R is hereby ACCEPTED, and the petition is hereby DENIED.  The Court certifies that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).


**IT IS SO ORDERED.**

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: August 8, 2023

12